**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION**

| | |
|---|---|
| Salomon Echeverria,<br><br>   Plaintiff,<br><br>v.<br><br>Alltran Financial, LP and LVNV Funding, LLC,<br><br>   Defendant(s). | Civil Action No: 4:19-cv-283<br><br>**CLASS ACTION COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

NOW COMES, Plaintiff SALOMON ECHEVERRIA ("Plaintiff"), by and through his attorney, SHAWN JAFFER LAW FIRM PLLC, and brings this Class Action Complaint against Defendant Alltran Financial, LP ("Alltran") and Defendant LVNV Funding, LLC ("LVNV") collectively referred to as ("Defendants"), *to wit*, for violations of 15 U.S.C. § 1692 *et seq.*, the Fair Debt Collection Practices Act ("FDCPA").

**PREMLIMINARY STATEMENT**

1.   This is a class action for actual and statutory damages, injunctive relief, costs, and attorney's fees pursuant to 15 USC §1692 *et seq.* (FDCPA).

**JURISDICTION AND VENUE**

2.   This Court has jurisdiction over this action and all counts under 28 U.S.C. §§ 1331, 1337 and 15 U.S.C. § 1692k.

3.   Venue in this District is proper under 28 U.S.C. §§ 1391(b)(2) because a substantial part of the events or omissions giving rise to this claim occurred here.

## PARTIES

**Plaintiff:**

4. Plaintiff is a natural person residing at 5467 Lubbock Ave, Fort Worth, TX 76133.

5. Plaintiff is allegedly obligated to pay a debt to the Defendants.

6. Plaintiff is a "Consumer" meaning any natural person obligated or allegedly obligated to pay any debt.

7. Plaintiff is allegedly obligated to pay a debt for a Credit One Bank N.A. credit card with a balance of $2,158.15.

8. The "Original Creditor" is Credit One Bank N.A.

9. The alleged debt at issue is an obligation or alleged obligation of a Consumer to pay money arising out of a transaction in which the money, property, or services which are the subject of the transaction are primarily for personal, family, or household purposes.

**Defendant Alltran:**

10. Defendant Allran is a limited partnership that is organized under the laws of the State of Texas.

11. Defendant Alltran is a collection agency headquartered at 5800 N Course Dr, Houston, TX 77072 and maintains a registered agent for service of process, CT Corporation System at 1999 Bryan St, Ste. 900, Dallas, TX 75201.

12. Defendant Alltran is a "Debt Collector" meaning any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due another.

13. Defendant Alltran engages in interstate commerce by regularly using telephone and mail in a business whose principal purpose is the collection of debts.

14. At all times material hereto, Defendant Alltran was acting as a debt collector in respect to the collection of Plaintiff's alleged debts.

**Defendant LVNV:**

15. Defendant LVNV is a company that is organized under the laws of the State of Delaware.

16. Defendant LVNV is a collection agency located at 625 Pilot Road, Suite 2, Las Vegas, NV 89119 and maintains a registered agent for service of process, Corporation Services Company at 211 E. 7th Street, Suite 620, Austin, TX 78701.

17. Defendant LVNV is a "Debt Collector" meaning any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due another.

18. Defendant LVNV engages in interstate commerce by regularly using telephone and mail in a business whose principal purpose is the collection of debts.

19. At all times material hereto, Defendant LVNV was acting as a debt collector in respect to the collection of Plaintiff's alleged debts.

## CLASS ALLEGATIONS

20. Plaintiff re-alleges and incorporates by reference paragraphs in this complaint as though fully set forth herein.

21. Plaintiff brings this claim on behalf of the following case, pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3).

22. The Class consists of:

   (1)   all individuals with addresses in the State of Texas;

   (2)   to whom Defendants sent a collection letter attempting to collect a consumer debt;

   (3)   which offered settlement opportunities of 60%, 55%, and 45% off the outstanding account balance; and

   (4)   which letter was sent on or after a date one (1) year prior to the filing of this action and on or before a date twenty-one (2l) days after the filing of this action.

23. The identities of all class members are readily ascertainable from the records of the Defendants and those companies and entities on whose behalf they attempt to collect and/or have purchased debts.

24. Excluded from the Plaintiff Classes are the Defendants' and all officer, members, partners, managers, directors and employees of the Defendants and their respective immediate families, and legal counsel for all parties to this action, and all members of their immediate families.

25. There are questions of law and fact common to the Plaintiff Classes, which common issues predominate over any issues involving only individual class members. The principal issue is whether the Defendants' written communications to consumers, in the forms attached as Exhibits A, violate 15 U.S.C. §§ l692e and 1692f.

26. The Plaintiff's claims are typical of the class members, as all are based upon the same facts and legal theories. The Plaintiff will fairly and adequately protect the interests of the Plaintiff Classes defined in this complaint. The Plaintiff has retained counsel with experience in

handling consumer lawsuits, complex legal issues, and class actions, and neither the Plaintiff nor her attorneys have any interests, which might cause them not to vigorously pursue this action.

27.   This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

(1) **Numerosity:** The Plaintiff is informed and believes, and on that basis alleged, that the Plaintiff Classes defined above are so numerous that joinder of all members would be impractical.

(2) **Common Questions Predominate:** Common questions of law and fact exist as to all members of the Plaintiff Classes and those questions have predominance over any questions or issues involving only individual class members. The principal issue is whether the Defendants' written communications to consumers, in the forms attached as Exhibit A violate 15 U.S.C. §§ l692e and 1692f.

(3) **Typicality:** The Plaintiff's claims are typical of the claims of the class members. The Plaintiff and all members of the Plaintiff Classes have claims arising out of the Defendants' common uniform course of conduct complained of herein.

(4) **Adequacy:** The Plaintiff will fairly and adequately protect the interests of the class members insofar as Plaintiff has no interests that are adverse to the absent class members. The Plaintiff is committed to vigorously litigating this matter. Plaintiff has also retained counsel experienced in handling consumer lawsuits, complex legal issues, and class actions. Neither the Plaintiff nor his counsel has any interests which might cause them not to vigorously pursue the instant class action lawsuit.

(5) **Superiority:** A class action is superior to the other available means for the fair and efficient adjudication of this controversy because an individual joinder of all members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender.

28. Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the Plaintiff Classes predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

29. Depending on the outcome of further investigation and discovery, Plaintiff may, at the time of class certification motion, seek to certify a class(es) only as to particular issues pursuant to Fed. R. Civ. P. 23(c)(4).

## FACTUAL ALLEGATIONS
*Violation – Collection Letter Dated March 27, 2019*

30. On or about March 27, 2019 the Defendant Alltran sent Plaintiff a collection letter ("Letter") to collect an alleged debt owed to LVNV Funding LLC in the amount of $2,158.15 for an alleged credit card debt from Credit One Bank N.A.. The Letter is attached hereto as Exhibit "A".

31. The Letter offers the Plaintiff three settlement opportunities of 60% off, 55% off and 45% as shown below:

> 1. Settle your account now for a lump-sum payment of $863.26. This is a savings of 60% on your outstanding account balance.
> 2. Extend your time and settle your account in two monthly payments of $454.23 and one payment of $454.22. This is a savings of 55% on your outstanding account balance.
> 3. Further extend your time and settle your account in five monthly payments of $277.58 and one payment of $277.59. This is a savings of 45% on your outstanding account balance.
>
> To resolve your debt online, please visit us at www.Alltransecurepay.com.

32. The second bullet point reads, "Extend your time and settle your account in two monthly payments of $454.23 and one payment of $454.22. This is a savings of 55% on your outstanding debt."

33. When you add the payments together you get $1,362.68 (454.23* 2 + 454.22). This is not a 55% savings but in reality, it is only a 36.86% savings from the outstanding balance of $2,158.15 (($1,362.68 / $2,158.15) -1 = 36.86%).

34. The third bullet point reads, "Further extend your time and settle your account in five monthly payments of $277.58 and one payment of $277.59. This is a savings of 45% on your outstanding account balance."

35. When you add the payments together you get $1,665.49 (277.58* 5 + 277.59). This is not a 45% savings but in reality, it is only a 22.83% savings from the outstanding balance of $2,158.15 (($1,665.49 / $2,158.15) -1 = 22.83%).

36. The Defendants have used false, deceptive or misleading representations or means in the collection of the alleged debt when they provided false, deceptive or misleading settlement savings percentages.

37. The Defendants used unfair or unconscionable means to collect or attempt to collect the alleged debt when they when they provided false, deceptive or misleading settlement savings percentages.

38. Plaintiff has suffered an informational injury from the Defendants' actions.

## COUNT I
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. §1692e & 1692f *et seq.* Against Defendant Alltran & Defendant LVNV

39. Plaintiff re-alleges and incorporates by reference paragraphs in this complaint as though fully set forth herein.

40. Defendant's debt collection efforts against Plaintiff violated various provisions of the FDCPA.

41. Section §1692e provides a non-exhaustive list of false, deceptive, and misleading conduct prohibited by the statute including:

   (1) A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt, 15 U.S.C. §1692e;

   (2) The false representation of – the character, amount, or legal status of any debt, 15 U.S.C. §1692e(2); and

   (3) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer. 15 U.S.C. §1692e(10)

42. Section §1692f provides a non-exhaustive list of unfair or unconscionable means to collect or attempt to collect any debt.

   (1) A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt, 15 U.S.C. §1692f; and

   (1) The collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law, 15 U.S.C. §1692f(2).

43.   Defendant violated 15 U.S.C. §1692e, e(2), e(10), §1692f, and f(2) when the Defendants provided false, deceptive or misleading settlement savings percentages.

44.   For these reasons, the Defendant is liable to the Plaintiff for statutory damages, costs, and attorney's fees.

## DEMAND FOR TRIAL BY JURY

45. Plaintiff requests a trial by jury on all issues and counts so triable, pursuant to Rule 38 of the Federal Rules of Civil Procedure.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

(1)   Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class Representative, and Shawn Jaffer, Esq. as Class Counsel;

(2)   Awarding Plaintiff and the Class statutory damages;

(3)   Awarding Plaintiff and the Class actual damages;

(4)   Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses;

(5)   Awarding pre-judgment interest and post-judgment interest; and

(6)   Awarding Plaintiff and the Class such other or further relief as the Court deems proper.

DATED: April 4, 2019     Respectfully Submitted,

**SHAWN JAFFER LAW FIRM PLLC**

<u>/s/ *Shawn Jaffer*_____</u>.
Shawn Jaffer – Attorney in Charge
TX Bar No.: 24107817
6136 Frisco Square Blvd, Suite 400
Frisco, Texas 75034
Phone: (214) 210-9910
Fax:    (214) 594-6100
Email: Shawn@jafflaw.com
***Attorney for Plaintiff Salomon Echeverria***